```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
UNITED STATES OF AMERICA            :
                                    :     ORDER
    v.                              :
                                    :     18 CR 291-02 (VB)
JOHNNY FERNANDEZ,                   :
                   Defendant.       :
--------------------------------------------------------x
```

Defendant was arrested in this case on April 19, 2018, and has been in custody since that date. On September 13, 2019, defendant pleaded guilty before the magistrate judge to conspiracy to distribute and possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 846, 841(b)(1)(B), and the plea was subsequently accepted by this Court. (Doc. #196).

In defendant's sentencing memorandum (Doc. #282), based on his documented health issues and the current public health crisis, defendant seeks to adjourn sentencing sine die and to be released on bail to the custody of his son pending sentencing, pursuant to 18 U.S.C. § 3145(c). See United States v. Lea, 360 F.3d 401 (2d Cir. 2004). Defendant further seeks, at a subsequent sentencing proceeding, a mandatory minimum sentence of 60 months' imprisonment, followed by either (i) an immediate so-called "compassionate release" based on "extraordinary and compelling reasons," pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), or (ii) a recommendation on the record, as well in the Judgment of Conviction, that the Warden of the facility in which defendant is confined and the Director of the Bureau of Prisons ("BOP") seriously consider moving for a compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).

Defendant further requests that the Court convert the sentencing hearing scheduled for April 16, 2020, at 2:30 p.m., into a telephone conference at which the foregoing matters may be addressed.

Under the circumstances, it is hereby ORDERED:

1. Defendant's application to adjourn sentencing sine die is GRANTED.

2. Defendant's application to convert the scheduled sentencing hearing on April 16 into a telephone conference for the purpose of addressing the request for release on bail and the other matters referred to above is GRANTED.

3. Although it is implicit in defense counsel's application, by April 13, 2020, defense counsel shall explicitly advise the Court in writing whether defendant consents to appearing at the April 16 conference by telephone.

4. By April 13, 2020, the government shall file a response to defendant's requests (i) for release on bail, and (ii) for relief under Section 3582(c)(1)(A)(i). In its response, the government shall also advise the Court whether the government has considered or might consider allowing defendant to withdraw his guilty plea under 21 U.S.C. § 841(b)(1)(B) and instead to plead guilty to a violation of 21 U.S.C. §841(b)(1)(C).

5. The conference will be conducted by telephone conference call on April 16, 2020, at 2:30 p.m.  The parties shall arrange for defendant's appearance by telephone.  At the time of the scheduled hearing, all counsel and defendant shall attend by calling the following number and entering the access code when requested:

**Dial-In Number**:   **(888) 363-4749 (toll free) <u>or</u> (215) 446-3662**

**Access Code:**    **1703567**

Counsel are advised that the Court does not believe it has the authority to ignore the explicit exhaustion requirement in Section 3582(c)(1)(A)—namely, <u>either</u> a full exhaustion of all administrative rights to appeal a failure of the BOP to bring a motion on defendant's behalf <u>or</u> the lapse of 30 days from the receipt of such a request by the warden, <u>whichever is earlier</u>.  However, it is the Court's understanding that the exhaustion requirement can be waived by the government in appropriate circumstances.

Dated: April 10, 2020
      White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge